IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stoney Hugo Glenn, ) | C/A No. 0:10-747-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| James Metts, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Stoney Hugo Glenn ("Glenn"), a self-represented state prisoner, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On November 23, 2010, the defendant filed a motion for summary judgment. (ECF No. 49.) By order of this court filed November 24, 2010 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 50.) Glenn filed a response in opposition to the defendant's motion (ECF No. 64), the defendant replied (ECF No. 68), and Glenn filed a sur-reply (ECF No. 70).[1] Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendant's motion should be granted.

---

[1] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Glenn's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant summary judgment.



**BACKGROUND**

Glenn's Amended Complaint, liberally construed, raises claims of deliberate indifference to Glenn's medical treatment and conditions of confinement while Glenn was detained at Lexington County Detention Center ("LCDC"). Glenn alleges that on March 6, 2010, he tripped and fell over his roommate's bed mat, injuring his left finger and right knee because his cell was overcrowded. (ECF No. 36-2 at 3.) Glenn then alleges that he was never treated for his injuries because he did not see a doctor or receive x-rays. (ECF No. 36-1 at 3.) Glenn also alleges that while housed on the third floor, B wing, his cell had black mold on the walls and air vents and the third floor had trash and dust which aggravated his existing asthma condition. (ECF No. 36-1 at 4.) Glenn also complains that the grievance procedures at LCDC are insufficient and violate his constitutional rights. (ECF No. 36-1 at 4.) Finally, Glenn alleges that his due process rights were violated because he was placed in maximum security detention without a hearing. (ECF No. 36 at 2.) In support of his motion for summary judgment on these claims, the defendant submitted the affidavits of Defendant Metts, Sheriff of Lexington County, and Ronald O'Neill, Inmate Services Commander at LCDC, as well as Glenn's medical records from LCDC. (See ECF No. 49.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Glenn's Claims**

    **1.     Exhaustion of Administrative Remedies**

A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

    In this case, the defendant has submitted the affidavit of Ronald O'Neill, which states that "it appears that the Plaintiff did not file any formal grievances regarding any of the incidents complained of in his Complaint." (ECF No. 49-3 at 2.) Glenn has failed to refute the defendant's



evidence that he has not filed any grievances.[2]  Accordingly, the record shows that Glenn has not exhausted all of his available grievance procedures and his Complaint should be dismissed.

    **2.    Official Capacity Claims**

Even if Glenn had exhausted his administrative remedies, the defendant would be entitled to summary judgment.  The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. art. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State."  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").  As an arm of the state, the defendant is entitled to sovereign immunity and cannot constitute a "person" under § 1983 in that capacity.  See Will, 491 U.S. at 70-71; Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities).  Accordingly, to the extent the defendant is sued in his official capacity, he is immune from suit.  Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979)

---

[2] Glenn alleges that he "filed a USM-285 Form concerning these matters" but there is no record of any grievance filed at LCDC.  (ECF No. 36-2 at 3.)  The court takes judicial notice that a USM-285 is a form used by the United States Marshals Service to effect service of process and is wholly unconnected with the internal grievance procedure at LCDC.



(recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

### 3. Individual Capacity (Failure to State a Claim)

The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, a claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Amended Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Because Glenn failed to offer any evidence or allege any personal involvement

by the defendant with regard to either his medical claim, his conditions of confinement claim, or his allegations regarding his grievances, the defendant is entitled to a judgment as a matter of law.[3]

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for summary judgment (ECF No. 49) be granted.

                                                  *Paige J. Gossett* (signature)
                                                  Paige J. Gossett
                                                  UNITED STATES MAGISTRATE JUDGE

June 28, 2011
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

---

[3] In fact, at most Glenn argues in his Amended Complaint that the defendant be held liable simply based on his position as sheriff "for the neglecting of the staff who are under his authority." (ECF No. 36 at 1.) Such allegations are plainly insufficient under the law discussed above.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).